# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY SCHLOSSER, | : | |
| Plaintiff, | : | Case No. 3:19-cv-1445 (SRU) |
| | : | |
| v. | : | |
| | : | |
| SHANNON DROUGHN, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Jeffrey Schlosser ("Schlosser"), currently confined at New Haven Correctional Center in New Haven, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs. He names ten defendants: Nurse Shannon Droughn, ASN medical supervisor Jones, Deputy Warden Maldonado, five Jane Doe nurses, and John or Jane Doe medical supervisor. Schlosser seeks damages and injunctive relief in the form of an investigation by "the federal government under Department of Health and Human Services" regarding Connecticut medical facilities. Doc. No. 1 at 10. Schlosser's complaint and accompanying motion to appoint counsel (doc. no.3) were received on September 13, 2019, and his motion to proceed *in forma pauperis* was granted on October 3, 2019. On November 7, 2019, Schlosser filed a motion for court order and a motion for extension of time. *See* Doc. No. 11 at 1, 3. On November 11, 2019, Schlosser filed a motion for sanctions. Doc. No. 12.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On December 1, Schlosser asked Nurse Droughn to have a lieutenant present when he received his medication at the facility pharmacy. Nurse Droughn refused and told Schlosser to leave or she would issue him a disciplinary ticket. ECF No. 1 ¶ 1. Schlosser left without his medication. *Id*. ¶ 2.

On January 30, 2019, Nurse Doe denied him his night medication. *Id*. ¶ 3. After experiencing withdrawal for two days, Schlosser filed a grievance. *Id*. ¶ 4.

On February 7, 2019, at 10:00 p.m., Schlosser did not receive all his medication. Nurse Doe tried to give him only half the dose of gabapentin when she apparently lost the other half of the dose. She told Schlosser that she would come back with the full dose but did not do so. *Id*.

2

¶ 5. Schlosser filed a grievance because he continued to receive none or only part of his medication. *Id*. ¶ 6.

Schlosser received only one dose of gabapentin between May 8 and May 14. *Id*. ¶ 7. He filed a grievance and alleges that ASN Jones "should have been on top of this." *Id*. ¶ 8.

On June 2, 2019, Nurse Doe crushed all his medication. When Schlosser gagged on the Benadryl, that should have been in a capsule, Nurse Doe laughed at him. *Id*. ¶ 9. Schlosser filed a grievance. The response stated that crushing gabapentin is protocol but did not indicate that other medications should be crushed as well. *Id*. ¶ 10.

In the morning of June 5, 2019, and for several days thereafter, Schlosser did not receive all his medication, causing him to experience withdrawal. *Id*. ¶ 11. He filed a grievance. *Id*. ¶ 12.

During the evening medication distribution on June 30, 2019, Nurse Doe walked by Schlosser's cell. When he told her that he takes medication, Nurse Doe asked for his name and said she would return. At the 12:00 a.m. count, Schlosser asked the block officer about his medication. She contacted the medical unit and was told it was too late to issue medication. Schlosser did not receive the medication until noon. *Id*. ¶ 13. When Schlosser saw Nurse Doe the next day, she blamed the block officer. *Id*. ¶ 14. Schlosser filed a grievance. *Id*. ¶ 15.

II.  Analysis

Schlosser alleges that the defendants were deliberately indifferent to his serious medical need by failing to provide all his medication as prescribed.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To state a claim for deliberate indifference to serious medical needs, Schlosser must allege facts showing both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)).

Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that Schlosser would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Negligence, however, does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* at 280. Nor does a disagreement over the treatment provided show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Courts have held that denial of a single dose, or even several doses, of a needed medication is insufficient to support a deliberate indifference claim. *See Smith v. Carpenter*, 316 F.3d 178, 188–89 (2d Cir. 2003) (finding no constitutional violation because of two alleged instances of missed HIV medication where the plaintiff failed to present evidence of permanent or on-going harm or an unreasonable risk of future harm stemming from missed doses); *Youngblood v. Artus*, 2011 WL 6337774, at *7 (N.D.N.Y. Dec. 19, 2011) (granting motion to dismiss deliberate indifference claim where the defendant "failed to give [the plaintiff] a single

4

dose of his seizure medication" and the plaintiff did not specify any resulting harm); *Bumpus v. Canfield*, 495 F. Supp. 2d 316, 322 (W.D.N.Y. 2007) (dismissing deliberate indifference claim based on "a delay of several days in dispensing plaintiff's hypertension medication" absent evidence "the delay gave rise to a significant risk of serious harm"); *Evans v. Bonner*, 196 F. Supp. 2d 252, 256 (E.D.N.Y. 2002) (granting summary judgment for defendant on claim that medication was not timely distributed because "the alleged injury to the plaintiff resulting from not getting his medicine 'on time' does not rise to a 'sufficiently serious' level").

Schlosser does not allege that he suffered any harm from the denial of one dose of medication on December 1, 2018, February 7, 2019, or June 30, 2019. Thus, those allegations fail to state a cognizable deliberate indifference claim.

Schlosser alleges that he experienced withdrawal as a result the instances on January 30, 2019, May 8-14, 2019, and June 5, 2019. He does not describe the symptoms he experienced. Without further information, I cannot determine whether Schlosser suffered a serious medical need as a result of the denial of medication. In addition, Schlosser attributes each instance to Nurse Doe. Because he includes multiple Nurses Doe as defendants, I assume that each instance is attributable to a different nurse. Even if Schlosser can allege facts showing that his withdrawal symptoms rose to the level of a serious medical need, those claims cannot proceed until Schlosser identifies the nurses involved.

Schlosser also alleges that on one occasion, Nurse Doe crushed all his medications and that he gagged when taking crushed Benadryl. Schlosser does not allege that he suffered any long-lasting effects. The incident does not rise to the level of one producing death, degeneration,

5

or extreme pain. Thus, that incident does not meet the objective component of the deliberate indifference standard.

Schlosser identifies only three defendants: Nurse Droughn, ASN Jones, and Deputy Warden Maldonado. Nurse Droughn is named only in connection with the December 1 denial of medication. Because I have determined that the December 1 incident does not constitute an Eighth Amendment violation, the claim against Nurse Droughn is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Schlosser does not reference Deputy Warden Maldonado in his factual allegations. To state a cognizable claim for damages, Schlosser must allege facts showing the personal involvement of each defendant in the alleged constitutional violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Because Schlosser does not mention Deputy Warden Maldonado in his statement of facts, he fails to demonstrate her personal involvement. The claims against Deputy Warden Maldonado are dismissed.

Schlosser alleges that ASN Jones should have been "on top of" his issues in May 2019 because he filed a grievance. He describes ASN Jones as a medical supervisor. ECF No. 1 at 5. To state a claim for supervisory liability, Schlosser must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring.

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Schlosser does not allege that he informed ASN Jones of his issues or that she was the person who reviewed the grievances he filed. Accordingly, Schlosser has not alleged facts showing that ASN Jones was aware of his medical concerns and, thus, has not alleged a plausible supervisory liability claim against her.

Moreover, the claims presented in Schlosser's complaint and motion do not constitute sanctionable conduct. Sanctions are typically awarded when a party has violated an order or rule of the court. That is not the situation presented by the motion. Therefore, the motion is denied.

## CONCLUSION

All claims against defendants Droughn and Maldonado, and all claims relating to the incidents on December 1, 2018, February 7, 2019, and June 30, 2019 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The claims against ASN Jones, and the claims relating to the incidents on January 30, 2019, May 8-14, 2019, and June 5, 2019 are **DISMISSED** without prejudice. Schlosser may file an Amended Complaint reasserting those claims, provided he can allege facts establishing a claim for supervisory liability against ASN Jones, establishing that his withdrawal symptoms posed a serious risk of medical harm, and identifying the nurses who denied him medication on those dates. The motion for a court order (doc. 11) is **DENIED** as moot and the motion for extension of time (doc. no. 11) is **DENIED** without prejudice. The motion for sanctions (doc. no. 12) is **DENIED**. Because I have dismissed all claims in the complaint, the Motion for Appointment of Counsel, (doc. no.3) is **DENIED** as moot. Any Amended Complaint shall be filed through the Prison Efiling Program within thirty (30) days from the date of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of January 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge