# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| JEFFREY SCHLOSSER, | : | |
| Plaintiff, | : | No. 3:19-cv-1445 (SRU) |
| | : | |
| v. | : | |
| | : | |
| SHANNON DROUGHN, et al., | : | |
| Defendants. | : | |
| | : | |

## RULING AND ORDER

Jeffrey Schlosser, currently confined at Cheshire Correctional Institution, has filed numerous motions relating to discovery, requesting reconsideration of a previously dismissed claim, seeking preliminary injunctive relief and seeking the entry of default against certain defendants. This ruling addresses nine of those motions.

## I.  Motion for Discovery [Doc. No. 19]

Schlosser has filed a motion for discovery listing forty-five items, including requests for copies of statutes, interrogatories, and requests for production of documents. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f)1. Accordingly, Schlosser's motion is denied. Schlosser must serve any discovery requests on defendants' counsel by regular mail.

## II.  Motion for Judicial Relief [Doc. No. 20]

Schlosser states that unidentified nurses abused him in violation of 42 U.S.C. § 10802 when they failed to give Schlosser two doses of medication on February 15, 2020, causing him to experience withdrawal symptoms while he waited for the medications to be reordered. *See* Mot.

for Relief, Doc. No 20 at 2. Schlosser seeks preliminary injunctive relief, requesting that sanctions be imposed on the defendants each time he is not given a dose of his medication, and that the balance of those sanctions be placed in his inmate account. He additionally requests that the court appoint a mental health advocate to ensure his rights are protected and issue an order to all correctional officials listing his medications and their distribution times, as well as an order requiring each nurse to wear a name tag. *Id.*

In the Second Circuit, preliminary injunctive relief is considered "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation omitted). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted). Preliminary injunctive relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

Where a movant seeks an injunction that would, by its terms, "alter rather than preserve, the status quo by commanding some positive act, the injunction is mandatory and the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from a denial of the injunction." *Air Transp. Int'l Ltd. Liab. Co. v. Aerolease Fin. Grp.*, 993 F. Supp. 118, 123 (D. Conn. 1998); *see also North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.,* 883

2

F.3d 32, 37 (2d Cir. 2018) ("[b]ecause mandatory injunctions disrupt the status quo, a party

seeking one must meet a heightened legal standard by showing a clear or substantial likelihood

of success on the merits") (internal citations omitted).

A district court has wide discretion in determining whether to grant preliminary

injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d

Cir. 2005). However, the "purpose of interim equitable relief is to protect the movant, during the

pendency of the action, from being harmed or further harmed in the manner in which the movant

contends it was or will be harmed through the illegality alleged in the complaint." *Omega World*

*Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Accordingly, "a preliminary injunction may

never issue to prevent an injury or harm which not even the moving party contends was caused

by the wrong claimed in the underlying action." *Id.; see also De Beers Consol. Mines Ltd. v.*

*United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate

relief of "the same character as that which may be granted finally," but inappropriate where the

injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn*

*Health*, 2017 WL 3713521, at *4 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not

warranted where claim in motion was unrelated to underlying claims in complaint).

On February 14, 2020, Schlosser filed a notice of change of address indicating that he has

been transferred to MacDougall-Walker Correctional Institution ("Walker") and, on March 31,

2020, a second notice indicating that he had moved from Walker to Cheshire Correctional

Institution ("Cheshire"). *See* Doc. No. 16, 24. The requests in the instant motion relate to events

occurring after Schlosser's transfer to Walker. However, the case at bar concerns Schlosser's

medical care at New Haven Correctional Center. *See* Initial Review Order, Doc. No. 17, at 10

(explaining that this action concerns events only at New Haven Correctional Center and noting that Schlosser was not granted leave to add claims from other facilities). Accordingly, Schlosser cannot establish that preliminary injunctive relief against unidentified defendants at Walker would prevent an injury or harm related to the claims alleged in the underlying action. Because Schlosser's requests do not relate to the defendants or issues in this case, the motion is denied. Schlosser may pursue those claims in a separate action.

III.    Motion for Reconsideration [Doc. No. 25]

Schlosser does not specify which ruling the motion for reconsideration addresses. He instead cites to a provision of 42 U.S.C. § 10802, and argues that statute applies to an incident with Nurse Shannon Droughn on December 1, 2018. Accordingly, I assume that Schlosser seeks reconsideration of the Initial Review Order dismissing his claim against Droughn from the Amended Complaint, because that claim relates to an incident on December 1, 2018. *See* Am. Compl., Doc. No 15 at ¶ 6.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). A party may not use a motion for reconsideration to present new theories or arguments that could have been raised earlier. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018). In addition, local court rules require that a motion for reconsideration must "be filed

and served within seven (7) days of the date of the filing of the decision or order from which

such relief is sought." D. Conn. L. Civ. R. 7(c)1. Courts have enforced this deadline strictly, even

where a litigant is *pro se*. *See, e.g., Cortes v. Dep't of Corr.,* 2019 U.S. Dist. LEXIS 28326, at *4

(D. Conn. Feb. 22, 2019); *U.S. Bank Tr., N.A. v. Walbert,* 2017 U.S. Dist. LEXIS 171051, at *6

(D. Conn. Oct. 16, 2017).

Schlosser filed this motion for reconsideration on March 30, 2020. The Initial Review

Order was filed on March 2, 2020, more than seven days before. Accordingly, Schlosser's

motion is denied as untimely filed. *See Lopez v. Smiley,* 375 F. Supp. 2d 19, 21 (D. Conn. 2005)

("a failure to timely file a motion for reconsideration constitutes sufficient grounds for denying

the motion").

Moreover, even if I were to consider the motion on the merits, Schlosser has not

established that reconsideration is warranted. Schlosser's motion fails to identify "controlling

decisions or data that the court overlooked." *Id.* Instead, Schlosser asserts a new claim against

Droughn, claiming violations of 42 U.S.C. § 10802 and contends that the statute relates to the

"instance with Droughn on December 1, 2018." *See* Mot. for Reconsideration, Doc. No. 25 at 2.

However, in his Amended Complaint, Schlosser asserts that Droughn denied him access to his

medication in violation of his constitutional rights. *See* Am. Compl, Doc. No. 15 at 2. As he

asserted no claim for violation of any provision of section 10802 in the Amended Complaint, he

may not raise this new claim on a motion for reconsideration. *See U.S. Bank Tr.,* 2017 U.S. Dist.

LEXIS 171051, at *7 ("[d]efendant's motion only attempts to raise new arguments which were

not before the Court on the original motion; this fails as a basis for reconsideration").

IV.    Motions for Entry of Default [Doc. Nos. 29, 30 & 43]

Schlosser has filed three separate motions seeking entry of default. In the first two motions, filed on May 12, 2020 and June 23, 2020 respectively, Schlosser seeks entry of default against all remaining defendants for failure to answer the Amended Complaint within the time specified in the Initial Review Order. In his third motion, he seeks entry of default judgment against defendants Maldonado and Cheatman for failing to appear and answer the Amended Complaint.

Schlosser named all defendants in their individual capacities only. Defendants Jones, Jackson, Tiriolo, and Walker returned signed waiver of service of summons forms in March 2020. *See* Doc. No. 21, 22, 23 and 26. They appeared in their official capacities only on June 30, 2020 and filed an Answer to Schlosser's Amended Complaint on July 30, 2020. *See* Doc. No. 31, 38. However, Jones, Jackson, Tiriolo and Walker subsequently filed an appearance in their individual capacities on January 28, 2021. *See* Doc. No. 77. Because the defendants have appeared in both their individual and official capacities and filed an answer to the complaint, the motions for entry of default are denied.

Mail service was not effectuated on defendants Maldonado and Cheatman. Because they have not been served, they are not in default, and Schlosser's motions for default judgment are denied with regard to defendants Maldonado and Cheatman. The Clerk is directed to move forward with in-person service on defendants Maldonado and Cheatman.

V.     Motion to Re-Serve [Doc. No. 39]

Schlosser moves to have defendants Maldonado and Cheatman re-served with the Amended Complaint. Because the Court has ordered the Clerk to move forward with in-person service above, Schlosser's motion is denied as moot.

6

VI.     <u>Motions for Sanctions [Doc. Nos. 41 & 42]</u>

Schlosser has filed two motions requesting that sanctions be imposed on the defendants.
In the first motion, Schlosser states that his legal materials were withheld while he was in
segregation from June 30, 2020 until July 30, 2020; he has lost mail privileges until December 2,
2020 and can only receive mail from an attorney, judge, or legal entity and cannot receive a legal
text and rule book his mother ordered for him; and, on June 30, 2020, Officers DiCarlo and
Cheney searched his cell while wearing smart watches in violation of state statutes. Schlosser
requests an order directing that the mail sanction be removed and that the books be provided to
him or, if they were returned, that the Connecticut Department of Correction purchase the books
for him again. *See* Doc. No. 41 at ¶¶ 1-8.

In the second motion, Schlosser states that correctional staff at Cheshire took the boxes
that discovery materials were sent in, as well as the banker's boxes he used to store his legal
materials, leaving him without the ability to organize and store his legal papers. He also states
that the pens provided are not adequate for his needs. Schlosser asks the Court to order the
Department of Correction to provide him manila envelopes, banker's boxes and Bic pens.

The "nature of a motion is determined by its substance and not the label attached to it."
*Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (internal citations omitted); *see
Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 909 n.10 (1990) (noting that courts construe
motions according to their substance, not erroneous nomenclature); *Chambers v. United States,*
106 F.3d 472, 475 (2d Cir.1997) (*pro se* petitions should be characterized based on the relief
sought, without regard to the label given to them). Accordingly, courts routinely construe
motions to reflect their substance. *See, e.g., Card v. Coleman*, 2015 WL 3948960, at *4 (D.

Conn. June 29, 2015) (construing document entitled motion for leave to file amended complaint

as motion for extension of time to do so based on relief sought); *Joseph v. LaValley*, 2013 WL

3148320, at n.4 (W.D.N.Y. June 19, 2013) (construing document captioned answer and docketed

as reply/response as renewed motion for stay and abeyance).

Although titled motions for sanctions, Schlosser actually requests mandatory injunctive

relief. As discussed above, a request for preliminary injunctive relief must relate to the claims in

the Amended Complaint. *See Torres*, 2017 WL 3713521, at *2. The actions Schlosser describes

in his motions occurred at Cheshire and are unrelated to his medical care at New Haven

Correctional Center.

Additionally, Schlosser does not seek injunctive relief from the named defendants in the

underlying action. He instead seeks relief from unidentified persons who have the ability to order

materials for him at Cheshire. Federal Rule of Civil Procedure 65 provides that a preliminary

injunction can issue against a non-party only in limited circumstances. *See* Fed. R. Civ. P.

65(d)(2) (injunction binds only parties, the parties' officers, agents, or employees, and persons in

active concert or participation with persons previously described). The defendants in this action

are medical providers, correctional officers and officials at New Haven Correctional Center;

officials at Cheshire are not agents or employees of the defendants and are not working in

concert with them. Accordingly, Schlosser may not seek injunctive relief against officials at

Cheshire Correctional Institution in this action. *See, e.g.*, *Lapierre v. LaValley*, 2016 U.S. Dist.

LEXIS 112004, at *7 (N.D.N.Y. Aug. 23, 2016) (plaintiff could not seek injunctive relief against

correctional staff at prison to which he had been transferred as they were not defendants in the

case and could not seek injunctive relief against staff at former facility because transfer mooted

request for injunctive relief); *Oliphant v. Villano*, 2010 U.S. Dist. LEXIS 127844, at *5 (D. Conn. Dec. 3, 2010) (district court lacks jurisdiction to enjoin conduct of prison mental health, medical, and correctional staff who are not defendants in underlying case). Schlosser's motions are denied.

VII.   Conclusion

Schlosser's motion for discovery [**Doc. No. 19**] is **DENIED** without prejudice to serving discovery requests on defendant's attorney by regular mail. Schlosser's motion for judicial relief [**Doc. No. 20**] and motions for sanctions [**Doc. Nos. 41, 42**], which are considered motions for preliminary injunctive relief, are **DENIED**. Schlosser's motion for reconsideration [**Doc. No. 25**] is **DENIED**.

Schlosser's motions for entry of default [**Doc. Nos. 29, 30 and 43**] are **DENIED.**

The Clerk is directed to arrange for in-person service of the Amended Complaint on defendants Maldonado and Cheatman. Schlosser's motion for re-service [**Doc. No. 39**] is **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of February 2021.

s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge